UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AKHLAQ AHMED, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:13-CV-357 |
| § | |
| RICKY HAMILTON, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

**I.**

Pending before the Court is the defendants', Ricky Hamilton, Janet Napolitano, Alejandro Mayorkas and Eric Holder (collectively, the "Government"), motion to dismiss (Docket No. 12). The plaintiff, Akhlaq Ahmed, has filed a response and cross-motion for summary judgment (Docket No. 15) and the Government has replied (Docket No. 21). Having carefully reviewed the parties' submissions, the record and the applicable law, the Court finds and concludes as follows.

**II.**

Akhlaq Ahmed was born in Karachi, Pakistan in September 1971. He moved to the United States in 1984 and has lived in the country since then. In November 1993, Ahmed pled guilty to fraud in connection with access devices and aiding and abetting. In March 1994, he was sentenced to three months imprisonment, three years of supervised released, and ordered to pay $56,432 in restitution.

Ahmed became a lawful permanent resident of the United States in 2002 and petitioned for naturalization in 2007. His application was denied because his aggravated felony conviction barred a finding of good moral character, a requirement for naturalization. Rejecting Ahmed's

argument that he is not an aggravated felon because his offense was not classified as such when he was convicted, the United States Citizenship and Immigration Services (USCIS) denied Amhed's motion for reconsideration. Amhed filed this action seeking *de novo* review of his naturalization application.

### III.

The Government's argument is straight-forward: Amhed's fraud conviction—for which the loss exceeded $10,000—is defined as an aggravated felony under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), which applies retroactively. Therefore, his cause of action fails to state a claim upon which relief can be granted and thus dismissal is appropriate.

Amhed advances three principal counterarguments: (1) the IIRIRA is not retroactive; (2) even if the IIRIRA was retroactive, it is unclear whether his conviction would constitute an aggregated felony because it remains to be determined whether the loss exceeds the statutory threshold of $10,000; and (3) the irrefutable presumption that conviction of an aggravated felony prevents an applicant from demonstrating good moral character violates his right to due process under the Fifth Amendment of the Constitution.

### IV.

A defendant may move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the requirements of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if the "[f]actual allegations [are not]

enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Nevertheless, when considering a 12(b)(6) motion to dismiss, a court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his claims, not whether the plaintiff will eventually prevail. *See Twombly*, 550 U.S. at 563 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

## V.

In order for a lawful permanent resident to naturalize, "there must be strict compliance with all the congressionally imposed prerequisites to the acquisition of citizenship." *Fedorenko v. United States*, 449 U.S. 490, 506 (1981). The individual seeking naturalization has the burden of establishing that all the requirements for naturalization have been met. 8 U.S.C. § 1427. One of those requirements is good moral character. *Id.* at § 1427(d). An individual cannot be considered a person of good moral character if he has been convicted of an aggravated felony. 8 U.S.C. § 1101(f)(8). An offense that involves fraud or deceit in which the loss to the victims exceeds $10,000 constitutes an aggravated felony. 8 U.S.C. § 1101(a)(43)(M)(i).

The Immigration Act of 1990 made conviction of an aggravated felony a bar to finding a good moral character. Pub. L. No. 101-649, 104 Stat. 4978. That provision of the Act applied prospectively to all convictions occurring on or before the enactment date of November 29, 1990. *Id.* The aggravated felony offense of 1101(a)(43)(M)(i), added by the Immigration and

Nationality Technical Corrections Act of 1994, initially required the loss as a result of fraud or deceit to exceed $200,000. Pub. L. No. 103-416, 108 Stat. 4305.

In 1996, the IIRIRA expanded the definition of "aggravated felony." Pub. L. No. 104-208, 110 Stat. 3546. Among other things, it reduced the amount of loss with respect to fraud offenses to $10,000. *Id.* at § 321(a)(2). Section 321(b) of the Act states in pertinent part, "the term applies regardless of whether the conviction was entered before, on, or after the date of enactment of this paragraph." Section 321(c) provides, "the amendments made by this section shall apply to actions taken on or after the date of the enactment of this Act, regardless of when the conviction occurred."

Both the Supreme Court and the Fifth Circuit have held that Congress expressly provided for the expanded definition of aggravated felony to apply retroactively. *I.N.S. v. St. Cyr*, 533 U.S. 289, 318-19 (2001); *Garrido-Morato v. Gonzales*, 485 F.3d 319, 323 (5th Cir. 2007). Though Ahmed's conviction would not have classified as an aggravated felony when entered, for purposes of the IIRIRA, it is an aggravated felony. Accordingly, his argument that the IIRIRA should not apply retroactively is rejected.

Ahmed contends that there is no evidence that the count to which he pled guilty involved a loss to victims that exceeded $10,000, as statutorily required for classification as an aggravated felony.[1] The $10,000 threshold "applies to the specific circumstances surrounding an offender's commission of a fraud and deceit crime on a specific occasion." *Nijhawan v. Holder*, 557 U.S. 29, 40 (2009). Therefore, the Court must examine the factual context of Amhed's conviction.

---

[1] The Government maintains that because the plaintiff did not include this claim in his complaint, the issue is not before the Court. This argument ignores the fact that the USCIS explicitly found that the $10,000 threshold was met, and used that finding as a basis for its determination that Ahmed is not eligible for naturalization. Because that decision is subject to *de novo* review, the Court will reach the issue.

Amhed was charged in a nine-count indictment, which included one count of conspiracy, seven counts of mail fraud, and one count of fraud in connection with access devices and aiding and abetting. He pled guilty to the fraud in connection with access devices and aiding and abetting count, which stated that as a result of such conduct, he obtained "United States currency aggregating $1,000 or more." No specific amount of loss attributed to that count was noted in Amhed's plea agreement or judgment, but he was ordered to pay $56,432 in restitution. The total loss from the charged counts of mail fraud is approximately $23,119.

The plain language of the indictment makes clear that the count to which Ahmed pled guilty was derivative of the charged conspiracy and mail fraud. He aided and abetted his confederate, and he "knowingly and with intent to defraud use[d] one or more unauthorized access devices, namely, approximately 334 American Express card numbers." Each count of mail fraud was part of the scheme in which he falsely represented that his company had sold goods or services to the owners of the American Express card numbers, which, in turn, caused American Express to mail checks to him in an amount totaling $23,119. Although Ahmed pled guilty only to fraud in connection with access devices and aiding and abetting, this conduct was part and parcel of the action that led to a loss exceeding $10,000. *See James v. Gonzales*, 464 F.3d 505, 510-12 (5th Cir. 2006). Accordingly, the USCIS correctly found that the statutory $10,000 threshold was met and properly classified Ahmed as an aggravated felony.

**VI.**

For the foregoing reasons, the Court GRANTS the defendants' motion to dismiss and DENIES the plaintiff's motion for summary judgment.[2]

**It is so ORDERED.**

SIGNED on this 31st day of March, 2014.

Kenneth M. Hoyt
United States District Judge

[2] The Court does not reach the issue of whether the statutory bar itself violates Ahmed's Fifth Amendment right to due process because it is not raised in the complaint and, as such, is not properly before the Court. *See Cutrera v. Bd. of Supervisors of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005).